IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| EDGARDO MATA,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT CROWTHER et al.,<br><br>    Defendants. | **MEMORANDUM DECISION & ORDER FOR SERVICE OF AMENDED COMPLAINT ON DEFENDANTS**<br><br>Case No. 2:15-CV-575-DN<br><br>District Judge David Nuffer |
|---|---|

Plaintiff/inmate, Edgardo Mata, filed a *pro se* civil rights case, *see* 42 U.S.C.S. § 1983 (2017), proceeding *in forma pauperis*, *see* 28 *id.* 1915. The Court screened his Complaint and ordered service on Defendants. Defendants answered.

Plaintiff now moves to amend his complaint. Having screened the amended complaint, *see id.* §§ 1915-1915A (stating screening standard), the Court grants Plaintiff's motion to amend and orders service of the amended complaint upon Defendants.

## ORDER FOR SERVICE OF PROCESS ON DEFENDANTS

The United States Marshals Service (USMS) is directed to serve a properly issued summons and a copy of Plaintiff's Amended Complaint, (*see* Docket Entry # 33), along with this Order, upon the following Utah Department of Corrections defendants:

    **SCOTT CROWTHER, WARDEN**
    **ALFRED BIGELOW, FORMER WARDEN**
    **AARON DOUGLAS, R.N.**
    **JOSEPH COOMBS**
    **SIDNEY G. ROBERTS**
    **SIDNEY G. ROBERTS**
    **DANE THURSTON, P.A.**
    **SGT. JASON HUTCHINSON**

**OFFICER DUSTIN J. NIELSON
INVESTIGATOR PETE WALTERS
FNU RENTMIESTER
FNU HARRIS, GANG SERGEANT
CAPTAIN RONALD WILSON
LT. DALLAS RAY
CAPTAIN JASON NICHOLES
CHRISTOPHER NORTH
SGT. KELLY WORLEY
SGT. CRAIG BUCHANNON**

Once served, Defendants shall respond to the summons in one of the following ways:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

(i) within 20 days of service, file an answer;

(ii) within 90 days of filing an answer, prepare and file a *Martinez* report limited to the exhaustion issue[1]; and,

(iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).

In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:

> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports. The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

(B) If Defendants choose to challenge the bare allegations of the Complaint, Defendants shall, within 20 days of service,

    (i) file an answer; or

    (ii) file a motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6).

(C) If Defendants choose not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Complaint, Defendants must,

    (i) within 20 days of service, file an answer;

    (ii) within 90 days of filing an answer, prepare and file a *Martinez* report addressing the substance of the complaint; and,

    (iii) within 120 days of filing an answer, file a separate summary judgment motion, with a supporting memorandum.

(D) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion within 90 days of filing his answer.

The parties shall take note that local rules governing civil cases are in effect. All requirements are important but the most significant changes are in motion practice and sealed filings. This Court will order the parties to refile summary-judgment motions which do not follow the standards. *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

Plaintiff is notified that if Defendants move for summary judgment Plaintiff may not rest upon the mere allegations in the complaint. Instead, as required by Federal Rule of Civil

Procedure 56(e), to survive a motion for summary judgment Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

**MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

The Court evaluates Plaintiff's motion for preliminary injunctive relief. Having thoroughly reviewed Plaintiff's motion, together with all materials on the docket, the Court denies Plaintiff's motion. First, Plaintiff appears to be trying to expedite the relief he seeks in his complaint. This type of injunction is disfavored by the law. *See SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991).

Further, Plaintiff has not specified adequate facts showing each of the four elements necessary to obtain a preliminary injunctive order:

> "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest."

*Brown v. Callahan*, 979 F. Supp. 1357, 1361 (D. Kan. 1997) (quoting *Kan. Health Care Ass'n v. Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1542 (10th Cir. 1994)).

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only when the right to relief is "clear and unequivocal." *SCFC ILC, Inc.*, 936 F.2d at 1098. The Court has carefully reviewed all documents in this case addressing the need for injunctive relief and concludes Plaintiff's claims do not rise to such an elevated level that an emergency injunction is warranted. In sum, Plaintiff has not met the heightened pleading standard required in moving for an emergency injunction.

# ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

(1) The USMS shall serve a completed summons, a copy of the Amended Complaint, (Docket Entry # 33), and a copy of this Order upon the above-listed defendants.

(2) Within twenty days of service, Defendants must file an answer or motion to dismiss, as outlined above.

(3) If filing (on exhaustion or any other basis) a *Martinez* report, Defendants must do so within 90 days of filing his answer(s). Under this option, Defendants must then file a summary-judgment motion within 120 days of filing their answer.

(4) If served with a *Martinez* report, Plaintiff may file a response within 30 days of the report's filing date.

(5) If served with a summary-judgment motion or motion to dismiss, Plaintiff must submit a response within 30 days of the motion's filing date.

(6) Summary-judgment motion deadline is 120 days from filing of answer.

(7) If requesting relief otherwise contemplated under the procedural rules, Defendants must do so within 90 days of filing their answer.

(8) Plaintiff's motion for preliminary injunction is DENIED. (*See* Docket Entry # 38.)

(9) Plaintiff's motion for discovery is DENIED as premature and unnecessary. (*See* Docket Entry # 47.) After Defendants file a *Martinez* report and/or dispositive motion, the Court will determine on its own whether to further discovery is necessary. No further prompting by Plaintiff is warranted.

DATED this 17th day of May, 2017.

BY THE COURT:

_____
CHIEF JUDGE DAVID NUFFER
United States District Court